# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CAMI MCJUNKIN, as co-administrator on behalf of the Estate of Stony McJunkin, <br> 2. MOLLY MCJUNKIN, as co-administrator on behalf of the Estate of Stony McJunkin, <br><br> **Plaintiff,** <br> vs. <br><br> 1. BOB GIRDNER in his individual capacity, <br> 2. ROBERT HARDWICK, in his individual capacity, <br> 3. DAVID HARDIN, in his individual capacity, <br> 4. JASON RITCHIE, in his individual capacity and, <br> 5. BOARD OF COUNTY COMMISSIONERS OF ADAIR COUNTY, a government entity, <br><br> **Defendants.** | Case No.  19-CV-18-RAW <br><br> JURY TRIAL DEMANDED <br><br> ATTORNEY LIEN CLAIMED FOR THE FIRM |

## COMPLAINT

**COMES NOW,** the Plaintiffs, Cami McJunkin and Molly McJunkin as co-executors on behalf of the Estate of Stony McJunkin ("Plaintiffs"), by and through their attorneys of record, Charles C. Vaught and Jessica N. Bailey of Armstrong & Vaught, P.L.C., and hereby show the court, as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to *28 USC § 1331* as a result of a federal question, namely the violation of *42 USC § 1983* and the Fourth Amendment to the Constitution of the United States.

2. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

4. Plaintiff Cami McJunkin is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Watts, Oklahoma.

5. Plaintiff Mollie McJunkin is, and was at all times relevant hereto, a resident of the State of Arkansas, residing in Rogers, Arkansas.

6. Plaintiffs were appointed co-administrators of the Estate of Stony McJunkin by the District Court in and for Adair County on February 23, 2018.

7. The acts and/or omissions giving rise to this lawsuit occurred in Watts, Adair County, State of Oklahoma.

## OPERATIVE FACTS

8. At all times the Defendants actions were under the color of law.

9. On January 18th 2017, Bob Girdner, Adair County Sheriff's Deputy, and Tim Shepard, Watts Police Officer, responded to a domestic violence call involving Stony McJunkin and Cami McJunkin. Stony McJunkin was accused of assaulting and threatening family members.

10. Stony McJunkin suffered from severe back issues and required the assistance of a walking cane and back brace.

11. When Deputy Girdner and Officer Shepard arrived on scene, Stony walked down the drive way, stood within touching distance, and spoke with the officers. Shortly thereafter, Stony disengaged the Officers and began walking back up to his residence. The Officers continued to yell at him. Stony, still walking back to his residence, waved his cane around in the air while yelling his response to the Officers.

12. Continuing back up the drive way, Stony turned to verbally engage with the Officers again. It was then that Deputy Girdner shot Stony from a distance of more than 20 feet away. Stony remained standing and Deputy Girdner shot him two more times. Stony fell to the ground.

2

After a pause, Stony raised his head up in an attempt to speak. Deputy Girdner fired one last shot at Stony's head.

13. The decedent was greater than twenty feet away from the Officers at the time he was shot.

14. Stony was oppositional with the officers but at no time posed any type of threat to the Officers or to the general public. Stony simply failed to follow Officers' commands as quickly as Deputy Girdner desired.

15. Either through panic, anger or incompetence Deputy Girdner fired his service weapon at Stony. As a result, Stony received four gunshot wounds with the coup de grace coming after the he was on the ground and completely immobilized.

16. Stony died on the scene.

17. Co-Administrator Cami McJunkin was at the scene with Stony when he was shot and killed. When the shooting happened, Officer Shepherd raised both hands in the air in confusion. Additionally, Officer Shepherd told Deputy Girdner that he was going to tackle Stony.

## FIRST CLAIM
### (Excessive use of force in violation of 42 USC § 1983)

18. The Plaintiff incorporates paragraphs 1-17 by reference herein.

19. The decedent had a right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the Constitution of the United States and 42 USC § 1983.

20. The Defendant Girdner used force greater than that which a reasonable and prudent law enforcement officer would use under the circumstances when shooting McJunkin.

21. Further, the Defendant Girdner's actions were reckless and/or were a callous disregard of McJunkin's constitutional rights.

## SECOND CLAIM
### (Negligent Training & Supervision)

22. The Plaintiffs incorporate paragraphs 1-21 by reference herein.

23. This claim is asserted against Defendants Hardin, Hardwick and Ritchie

24. The Defendants Hardin, Hardwick and Ritchie, Adair County Sheriffs, were responsible for the training and supervision of the Defendant Girdner.

25. The Defendants Hardin, Hardwick and Ritchie, Adair County Sheriffs, failed to properly train Deputy Girdner to the extent that they were deliberately indifferent to the rights of the decedent.

26. This failure to properly train or supervise Deputy Girdner led to the deprivation of Stony McJunkin's constitutional rights.

## THIRD CLAIM
### (Unconstitutional Custom & Policy in violation of 42 USC 1983)

27. The Plaintiff incorporates paragraphs 1-25 by reference herein.

28. At all relevant times, the Defendants Hardwick, Adair County Sheriff, and the Adair Board of County Commissioners were responsible for the formulation of the customs and policies governing the Adair County Sheriff's Department.

29. At all relevant times, Defendant Girdner was enacting those custom and policies in his confrontation with the decedent.

30. That the customs and policies in question resulted in the deprivation of the constitutional rights of Stony McJunkin.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants including medical expenses; compensatory damages including damages for physical and emotional pain and suffering; punitive damages against Sherriff Robert Hardwick and the Adair Board of County

Commissioners; and against all the Defendants for the cost of the action including a reasonable attorney fee; and other relief the court deems just and equitable.

>Respectfully submitted,
>
>**ARMSTRONG & VAUGHT, P.L.C.**
>
>By: *s/ Jessica N. Bailey*
>**Charles C. Vaught, OBA #19962**
>**Jessica N. Bailey, OBA #33114**
>2727 East 21st Street, Suite 505
>Tulsa, OK 74114
>(918) 582-2500 – *telephone*
>(918) 583-1755 – *facsimile*
>*Attorney for Plaintiff*